UNITED STATES of America

v.

TIN YAT CHIN, Defendant.

No. 01–CR–1407 (NG).

United States District Court,
E.D. New York.

Aug. 1, 2003.

Lloyd Epstein, New York, NY, for plaintiff.

Margot Brodie, AUSA Brooklyn, NY, for defendant.

### ORDER

GERSHON, District Judge.

On January 24, 2003, Tin Yat Chin was found guilty, following a jury trial, of one count of impersonating an officer of the United States government pursuant to 18 U.S.C. § 912 and three counts of income tax evasion pursuant to 26 U.S.C. § 7206. Defendant now moves for a new trial pursuant to Fed.R.Crim.P. 33(a) on the ground that the jury improperly relied on extraneous information provided by a fellow member of the jury in reaching its verdict. Alternatively, defendant requests a hearing pursuant to Federal Rules of Evidence 606(b) to elicit testimony from members of the jury on whether extraneous information was considered.

Defendant's proffer in support of these motions consists of an article, published in the Chinese language newspaper, *World Journal*, on January 25, 2003, which reported the following:

> The jury consisted of twelve individuals, among them, only one Chinese female juror. After the verdict yesterday, one white male juror said, during their close-door discussions, they were all puzzled by the idea that how the primary victims, Mrs. Huang and Mrs. Dang were willing to take out so much of their own savings to help their relatives in China to immigrate. He said: "That Chinese female juror explained to us that the Chinese family values are different from that of American families. We were then willing to believe that people would actually pay so much money to help their relatives."

Because I find that the statements attributed to the Chinese female juror, Ms. Lillian Shyu, even if true, do not constitute prejudicial extraneous material, defendant's motion is denied.

### I. Request for a New Trial

Defendant first argues that the statements attributed to Ms. Shyu constitute sufficiently prejudicial extra-record material to warrant the granting of a new trial. I disagree.

Jurors are permitted and expected to bring to their deliberations common knowledge drawn from their life experiences. In *Bibbins v. Dalsheim*, 21 F.3d 13, 17 (2d Cir.1994), the Court of Appeals for the Second Circuit held that a juror's "observation concerning the life of this community is part of the fund of ordinary experience that jurors may bring to the jury room and may rely upon." *Bibbins* involved a juror who shared her personal knowledge of the closing times of stores in a particular neighborhood in the context of the jury's discussion of the credibility of one of the witnesses. The Court concluded that the juror's comments did not constitute extraneous prejudicial material. As *Bibbins* demonstrates, moreover, a juror's specific knowledge about a particular subject matter is not dispositive of whether the information imparted is beyond the ken of common experience. "Particular information need not be known by all or

even most members of the community" to constitute knowledge within the fund of ordinary experience. *Cocconi v. Pierre Hotel*, 146 F.Supp.2d 427, 432 (S.D.N.Y. 2001). In *Cocconi*, for example, a juror's occupation as a corporate travel consultant did not transform the information she shared with fellow jurors about the quality of the defendant hotel into specialized knowledge.

■ "The touchstone of decision in a case such as we have here is thus not the mere fact of infiltration of extra-record matter ... but the nature of what has been infiltrated and the probability of prejudice." *U.S. v. Owen ex rel. McMann*, 435 F.2d 813, 816 (2d Cir.1970). The most potentially prejudicial material, of course, consists of "specific facts about the specific defendant then on trial." *U.S. v. McKinney*, 429 F.2d 1019, 1023 (5th Cir.1970). None of the comments attributed to Ms. Shyu, however, are specific to the witnesses or to the defendant. On the contrary, Ms. Shyu's alleged statements that Chinese immigrant families have strong values and that they are willing to make financial sacrifices in order to assist other members of their families in immigrating to this country are certainly within the fund of ordinary experience of citizens of this district. They do not therefore constitute extraneous prejudicial material.

Defendant further argues that the statements attributed to Ms. Shyu are akin to expert statements on Chinese immigrant values. That argument is without merit. Unlike *State of Washington v. Briggs*, 55 Wash.App. 44, 68, 776 P.2d 1347 (1989), and other cases relied upon by defendant, the information allegedly imparted by Ms. Shyu in this case was not "highly specialized," nor was it the subject of expert testimony at the trial. Moreover, none of the cases cited by defendant support his assertion that Ms. Shyu's alleged statements would have been the proper subject of expert testimony. In *U.S. v. Chen*, 754 F.2d 817, 823 (9th Cir.1985), the Ninth Circuit upheld a district court's refusal to admit the testimony of an expert on Taiwanese customs who sought to testify that persons of Asian extraction are more susceptible to inducement by government officials. In doing so, the Court noted the generality of the proposed testimony and rejected the foundation proffered for the admission of an expert on that subject matter. In *U.S v. Khan*, 787 F.2d 28, 34 (2d Cir.1986), the district court's decision to admit expert testimony on the patterns and practices of Pakistani heroin dealers, including their mode of dress, was upheld on the ground that the proffered testimony related not to the general customs and habits of Pakistanis, but rather to the way in which drug trafficking was carried out within Pakistan.

■ Even assuming *arguendo* that Ms. Shyu's alleged statements were beyond the ken of the ordinary fund of knowledge which a jury may properly rely on in its deliberations, her statements do not warrant a new trial because the information she allegedly imparted did not prejudice the defendant. "The settled law in this Circuit is that it is the nature of the matter discovered by the jury and its probable effect on a hypothetical average jury ... which determines whether a defendant has been prejudiced." *Benjamin v. Fischer*, 248 F.Supp.2d 251, 261 (S.D.N.Y.2002) (citations omitted). *See also United States v. Greer*, 285 F.3d 158, 167 (2d Cir.2002) (finding no prejudicial impact where a juror revealed during deliberations that his brother was mentioned by a witness in connection with drug sales by the defendant). In this case, the government presented overwhelming evidence of the defendant's guilt. Numerous witnesses identified the defendant as the perpetrator of the crimes charged. Exten-

sive evidence connecting the defendant to the offices at which the swindles occurred was presented to the jury. The jury was also presented with evidence that the defendant was a former immigration officer with access to and familiarity with items, including an Immigration Inspector badge and immigration papers, that several witnesses testified were used in the impersonation crime. Moreover, the government presented overwhelming evidence that the victims of the fraudulent acts were a group of poor Chinese immigrants who paid large sums of money to assist their families in immigrating to the United States. The defendant did not argue that no crime had occurred or that no victims had been defrauded. Rather, defendant's counsel argued in summation that a.) the witnesses were mistaken as to the identification of the defendant as the swindler; and b.) some, but not all, of the immigrants claiming to have been swindled may have been swindlers themselves. While Ms. Shyu's alleged statements may have, as the defendant argues, made some of the witnesses' testimony about the amount of money involved in the swindles more understandable, there were many identification witnesses whose testimony as to the amount of money they gave to the defendant was not challenged. The defendant has not alleged that Ms. Shyu's statements were specific to any particular witness or the defendant himself. Nor did Ms. Shyu's opinion bolster the credibility of any specific witness. In light of the evidence of guilt in this case, Ms. Shyu's alleged statements were not prejudicial, and a new trial is not warranted.

## II. Request for a Hearing

Federal Rules of Evidence 606(b) provides parameters for the questioning of jurors when the validity of a verdict is called into question. Specifically, Rule 606(b) provides that:

a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations to the effect of anything upon that or any other juror's mind ... except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

Defendant argues that a hearing is necessary to determine whether Ms. Shyu introduced extraneous prejudicial information to the jurors' deliberations in the defendant's trial.

■■■ "The secrecy of deliberations is the cornerstone of the modern Anglo–American jury system." *U.S. v. Thomas,* 116 F.3d 606, 618 (2d Cir.1997). As a result, courts are reluctant "to haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct, or extraneous influences." *U.S. v. Ianniello,* 866 F.2d 540, 543 (2d Cir.1989). "Post-verdict inquiries may lead to evil consequences: subjecting juries to harassment, inhibiting jury room deliberations, burdening courts with meritless applications, increasing temptation for jury tampering and creating uncertainty in jury verdicts." *Id.* at 543. Nevertheless, a duty to investigate whether improper influences have been brought to bear on a jury's deliberations arises when "the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality." *Id.* at 543. Indeed, a post-trial hearing is required where the moving party presents "clear, strong, substantial and incontrovertible evidence ... that a specific, nonspeculative impropriety has occurred." *U.S. v. Moon,* 718 F.2d 1210, 1234 (2d Cir.1983). A party alleging the existence of such an impropriety need not present irrefutable allegations; however, the alle-

gations presented must be "sufficiently serious to warrant a further inquiry." *U.S. v. Schwarz*, 283 F.3d 76, 98 (2d Cir. 2002). In this case, the defendant has not met this burden.

For the reasons discussed in the preceding section, Ms. Shyu's alleged statements do not constitute prejudicial extra record material. A hearing therefore could have no purpose other than the type of "fishing expedition" disfavored by the courts. *See U.S. v. Moten*, 582 F.2d 654, 667 (2d Cir.1978). Accordingly, defendant's motion for a hearing is denied.

### Conclusion

For the foregoing reasons, defendant's motion for a new trial, or in the alternative, for a hearing to determine the potentially prejudicial impact of the alleged statements of Ms. Shyu on the jury's deliberations, is denied. The sentencing of defendant, which at defendant's request has been re-scheduled, will occur on September 12, 2003 at 11:00 a.m..

**SO ORDERED.**